**John D. MINARD, Plaintiff-Appellant,**

v.

**WAL-MART STORES, INC.,
Defendant-Appellee.**

**No. 16-2112**

United States Court of Appeals,
Seventh Circuit.

Submitted December 12, 2016 *

Decided December 13, 2016

John D. Minard, Pro Se

James P. Balog, Attorney, Elizabeth M. Bartolucci, Attorney, O'Hagan Meyer, LLC, Chicago, IL, for Defendant-Appellee

Before MICHAEL S. KANNE, Circuit Judge ANN CLAIRE WILLIAMS, Circuit Judge DAVID F. HAMILTON, Circuit Judge

**ORDER**

John Minard appeals the dismissal of his personal-injury complaint, brought under diversity jurisdiction, for failure to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b) and with particular directives of the district court. Because Minard does not develop an argument challenging any of the district court's decisions, we dismiss this appeal.

Minard first brought a civil-rights complaint against Wal-Mart Stores, Inc., alleging constitutional violations after he was struck by a car in a Wal-Mart parking lot. The district court screened Minard's complaint under 28 U.S.C. § 1915 and dismissed it for failing to allege a constitutional violation against a state actor. Minard then amended his complaint without leave of the court, this time alleging diversity jurisdiction and seeking to hold Wal-Mart liable for his injuries from the accident. In a prior suit, Minard had recovered damages from the car's driver, but his amended complaint sought additional damages from Wal-Mart due to the layout of its parking lot. The court dismissed Minard's amended complaint without prejudice under Rule 8(a)(2), and then even recruited three attorneys to help him file a complaint that comported with the rules of civil procedure. Minard, however, failed to follow discovery rules, did not respond to either of two motions to dismiss filed by Wal-Mart, and repeatedly filed motions that did not adhere to federal court rules. The court eventually granted Wal-Mart's motion to dismiss, explain-

---

* We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

ing that the complaint was "unintelligible"; "vague, confusing, and conclusory"; and failed to provide Wal-Mart sufficient notice of his claims.

On appeal Minard repeats his conclusory assertion that Wal-Mart acted negligently (i.e., "[e]vidence submitted supports the facts"), but he does not identify any disagreement with the district court's reasons for dismissing his suit. Although we construe pro se briefs liberally, arguments must be developed and supported to be preserved. See Fed. R. App. P. 28(a)(8)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

DISMISSED.